UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. OLTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-1953 ERW NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court regarding the Order to Show Cause issued on April 20, 2016. [Doc. 15]. This case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. [Doc. 6.] On December 31, 2015, Plaintiff filed a Complaint seeking judicial review of an administrative decision that denied Plaintiff's application for a period of disability and disability insurance benefits. On March 8, 2016, Defendant filed an Answer to the Complaint and a certified copy of the Administrative Record. [Docs. 13, 14.] Pursuant to this District's Local Rule 9.02, Plaintiff was required to serve and file a Brief in Support of the Complaint within thirty (30) days of Defendant's service of the Answer and the Administrative Record. *See* E.D. Mo. L. R. 9.02. As of the date of this Order, Plaintiff has not filed a Brief, nor has Plaintiff filed a Motion for an Extension of Time.

On April 20, 2016, the undersigned entered an order directing Plaintiff to show cause, in writing, why this case should not be dismissed for failure to comply with the Court's Case

Management Order and Local Rule 9.02. Plaintiff has not responded to the Order to Show Cause of April 20, 2016 and the time period to do so has ended.

A district court may dismiss with prejudice a cause of action "for failure of a plaintiff to prosecute or comply with these rules or any court order." *Arnold v. ADT Security Serv.*, 627 F.3d 716, 722 (8th Cir. 2010) *citing* Fed. R. Civ. P. 41(b). "[D]ismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Id.* "A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Id.* In this action, any dismissal would effectively be with prejudice due to the filing deadlines for a § 405(g) action. *See* 42 U.S.C. § 405(g). The undersigned recognizes that this is an extreme sanction. "Plaintiff's failure to comply with the Case Management Order, [Order of April 20, 2016], and Local Rule 9.02, [however], has effectively halted the progress of the litigation [he] initiated." *Declue v. Astrue*, 1:08-CV-54 RWS, 2008 WL 4838225 at *1 (E.D. Mo. Nov. 6, 2008). "[Therefore], the Court has the option of dismissing [his] case or having a case ride its docket without any progress." *Declue,* at 1. Plaintiff has failed to comply with the Court's orders and Local Rule 9.02. Plaintiff has not shown good cause for his inaction and failure to follow the Court's orders and the local rules. Therefore, the undersigned will recommend dismissal of this action.

Accordingly,

**IT IS HEREBY RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

The parties are advised that they have fourteen days to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained, and that

2

failure to file timely objections may result in waiver of the right to appeal questions of fact. *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).

Dated this 9th day of May, 2016.

   /s/ Nannette A. Baker  
NANNETTE A. BAKER  
UNITED STATES MAGISTRATE JUDGE